### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| PACHOLDER HIGH YIELD FUND, INC., )<br>COPERNICUS EURO CDO-I B.V., )<br>TOPSAIL CBO, LTD., TCW LINC III )<br>CBO, LTD., and TCW LEVERAGED )<br>INCOME TRUST IV, L.P., on behalf of )<br>themselves and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RANKO CUCUZ, WILLIAM SHOVERS, )<br>D.N. VERMILYA, DAVID YING, )<br>ANTHONY GRILLO, PAUL LEVY, )<br>JEFFREY LIGHTCAP, CLEVELAND )<br>CHRISTOPHE, ANDREW HEYER, )<br>HORST KUKWA-LEMMERZ, )<br>WIENAND MEILICKE, JOHN )<br>RODEWIG, RAY WITT, and KPMG LLP, )<br>)<br>Defendants. ) | Civil Action No. 02-71778<br><br>CLASS ACTION |

## PRELIMINARY APPROVAL ORDER

WHEREAS, by Order dated July 11, 2002, the Court appointed Pacholder High Yield Fund, Inc., Copernicus Euro CDO-I B.V., Topsail CBO, Ltd., TCW LINC III CBO, Ltd., and TCW Leveraged Income Trust IV, L.P. as Lead Plaintiffs in the above captioned action, and Grant & Eisenhofer, P.A. as Lead Counsel;

WHEREAS, the parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the settlement of the Action (Settlement") in accordance with the Stipulation of Settlement, dated April 26, 2005 ("Stipulation" or "Settlement Agreement") between Lead Plaintiffs and Defendants Ranko

1

Cucuz, William Shovers, Dale N. Vermilya, David Ying, Anthony Grillo, Paul Levy, Jeffrey Lightcap, Cleveland Christophe, Andrew Heyer, John Rodewig and Ray Witt (collectively the "Individual Defendants"),which sets forth the terms and conditions for a proposed Settlement of the Action and for the release of certain claims (defined in the Stipulation as "Settled Claims") and the dismissal of the Action with prejudice upon the terms and conditions set forth therein;

WHEREAS, this Court has previously certified a plaintiff class consisting of two sub-classes of persons or entities who purchased certain Bonds during the period from June 3, 1999 through and including September 5, 2001, and who were damaged thereby;

WHEREAS, one sub-class consists of all persons and entities that purchased the 11 7/8% senior notes due 2006 ("Senior Bonds") in the initial offering of those bonds during the Class Period, and the second sub-class consists of all persons and entities that purchased the 11% senior subordinated notes due 2006 ("2006 Bonds"), 9 1/8% senior subordinated notes due 2007 ("2007 Bonds"), and the 8 1/4% senior subordinated notes due 2008 ("2008 Bonds") issued by Hayes and those that purchased the Senior Bonds on the secondary market during the Class Period;

WHEREAS, the class excludes the following persons and entities who would otherwise fall within the Class definition:  (1) Hayes Lemmerz International, Inc. ("Hayes" or the "Company") and the Defendants, (2) members of the families of the Defendants, (3) the subsidiaries or affiliates of the Company or of any Defendant, (4) any person or entity who is a partner, officer, director, employee or controlling person of the Company or any Defendant, (5) any entity in which any Defendant has a controlling interest, and (6) the legal representatives, heirs, successors or assigns of any such excluded person;

WHEREAS, the Court having read and considered the Settlement Agreement, the parties' Joint Motion For An Order Approving Class Notice and Setting a Schedule For a Fairness Hearing ("Joint Motion"), and the exhibits attached hereto finds, upon a preliminary evaluation, that the proposed Settlement appears to fall within the range of possible approval criteria, as it provides a beneficial result for the Class and appears to be the product of good faith, informed and non-collusive negotiations between experienced and able counsel for the parties;

WHEREAS, the Court also finds, upon a preliminary evaluation, that the Class should be apprised of the Settlement, allowed to file objections thereto and to appear at the Fairness Hearing, or alternatively, be afforded a reasonable opportunity to opt out of the Action;

WHEREAS, the Court finds, upon a preliminary evaluation, that the Publication Notice and Settlement Notice, attached to the Stipulation as Exhibits C and D, respectively, and the methodology described in the Joint Motion and in Paragraph 4 of this Order for the publication and dissemination of such Settlement Notice and Publication Notice: (i) are the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of their right to object or exclude themselves from the proposed Settlements; (iii) are reasonable and constitute due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (iv) meet all applicable requirements of the Federal Rules of Civil Procedures, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court and any other applicable law;

WHEREAS, unless otherwise stated herein, all defined terms contained herein shall have the same meanings set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

3

Pacholder<br>02-71778

1. The Court does hereby preliminarily approve the Settlement Agreement as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Fairness Hearing described below.

2. A hearing (the "Fairness Hearing") shall be held before this Court on **July 20, 2005 at 2:30 p.m.** at the U.S. District Court for the Eastern District of Michigan Southern Division, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, 5th Floor, Detroit, MI 48226, to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Class and should be approved by the Court; whether the Final Judgment as provided in the Settlement Agreement should be entered herein; and to determine the amount of fees and expenses that should be awarded to Lead Plaintiffs and Lead Counsel.

3. The Court approves, as to form and content, the Publication Notice, the Notice of Class Certification and Settlement of Class Action (the "Notice"), and the Proof of Claim and Release form (the "Proof of Claim") attached to the Stipulation as Exhibits C, D, and E, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice in the manner and form set forth in Paragraph 4 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby authorized to retain The Garden City Group, Hayes-Lemmerz Bondholder Litigation, P.O. Box 9000 #6173, Merrick, NY 11566-9000 ("Claims

Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    (a)    Not later than **May 23, 2005** (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms attached to the Stipulation as Exhibits D and E hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

    (b)    Not later than **May 30, 2005,** Lead Counsel shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit C, to be published on one occasion in the national edition of <u>Investors Business Daily</u>. The Individual Defendants shall pay for the cost of such publication;

    (c)    Not later than **May 30, 2005,** Lead Counsel, the Claims Administrator and the Company shall cause the Notice to be published on their respective websites; and

    (e)    Not later than **June 20, 2005,** Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

    5.    Nominees who purchased or acquired the Hayes Bonds for the benefit of another person or entity during the Class Period shall be requested to send the Notice and the Proof of Claim to all such beneficial owners of the Bonds within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

    6.    All Class Members who do not timely and validly request exclusion from the Class shall be bound by all proceedings, determinations, orders and judgments in the Action

relating to the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, even if such Class Member has previously initiated or subsequently initiates individual litigation against any of the Defendants or other proceedings encompassed by the Settlement.

7.  Class Members who wish to exclude themselves from the Class shall request exclusion within the time and in the manner set forth in the Notice, including mailing or delivering a written request for exclusion such that it is postmarked by **June 30, 2005,** to: (1) the Clerk of the Court for U.S. District Court for the Eastern District of Michigan Southern Division, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, 5th Floor, Detroit, MI 48226; (2) The Garden City Group, Hayes-Lemmerz Bondholder Litigation, P.O. Box 9000 #6173, Merrick, NY 11566-9000; (3) James P. McEvilly, III, Esquire, Grant & Eisenhofer P.A., Chase Manhattan Centre, 1201 N. Market St., Wilmington, Delaware 19801; (4) Thomas W. Cranmer, Esquire, Miller, Canfield, Paddock & Stone, P.L.C., 840 West Long Lake Road, Suite 200, Troy, MI 48098; (5) Theodore J. Low, Esquire, Williams Montgomery & John Ltd., 20 North Wacker Drive, Chicago, Illinois 60006; (6) Robert E. Forrest, Esquire and Michael M. Jacob, Esquire, Raymond & Prokop, P.C., 26300 Northwestern Highway, Southfield, Michigan, 48086-5058; and (7) Michael Allen, Esquire, Shapiro Forman Allen Sava & McPherson LLP, 380 Madison Avenue, New York, New York 10017, as provided in the Notice.

8.  Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted to the Claims Administrator by first-class mail, postmarked by **August 30, 2005.** Any Class Member who has already

Pacholder
02-71778

submitted a claim in this case in connection with the partial settlement with KPMG need not submit a new claim form.  Any Class Member who has not or does not validly and timely submit a Proof of Claim shall be barred from sharing in the distribution of the proceeds of the Settlement, unless otherwise ordered by the Court.

9.	Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of Court and deliver to Lead Counsel and Defendants' counsel a notice of appearance such that it is received by **June 30, 2005,** or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

10.	All proceedings against the Individual Defendants in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

11.	All Class Members who do not validly and timely exclude themselves from the Class are enjoined from filing, commencing, prosecuting, intervening in, participating in as Class Members or otherwise, or receiving any benefits or other form of relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

12.	All persons and entities are enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not validly and timely exclude themselves from the Class, if such other

lawsuit is based on or relates in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

13.     Any Class Member may appear and show cause, if he, she or it has any such cause, why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, or why a Final Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other person or entity shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Counsel, unless that person or entity has filed written objections and copies of any such papers and briefs with the Clerk of the Court for the Eastern District of Michigan, Southern Division, on or before **June 30, 2005,** and unless copies of such written objection papers and briefs are received by each of the following:

>   James P. McEvilly, III, Esquire
>   GRANT & EISENHOFER, P.A.
>   Chase Manhattan Centre
>   1201 N. Market St.
>   Wilmington, DE 19801
>   Phone:  302-622-7000
>   Fax:  302-622-7100
>
>   Thomas W. Cranmer, Esquire
>   Miller, Canfield, Paddock & Stone, P.L.C.
>   840 West Long Lake Road, Suite 200
>   Troy, MI 48098
>   Phone:  313-963-6420
>   Fax:  313-496-7500
>
>   Theodore J. Low, Esquire

8

Pacholder
02-71778

Williams Montgomery & John Ltd.
20 North Wacker Drive
Chicago, Illinois 60006
Phone: 312-855-4855
Fax: 312-630-8525

Robert E. Forrest, Esquire
Michael M. Jacob, Esquire
Raymond & Prokop, P.C.
26300 Northwestern Highway
Southfield, Michigan, 48086-5058
Phone: 248-357-3010
Fax: 248-357-2720

Michael Allen, Esquire
Shapiro Forman Allen Sava& McPherson LLP
380 Madison Avenue
New York, New York 10017
Phone: 212-972-4900
Fax: 212-557-1275

The Garden City Group
Hayes-Lemmerz Bondholder Litigation
P.O. Box 9000 #6173
Merrick, NY 11566-9000

The objections and/or briefs filed by the objecting Class Member must contain a statement of his, her or its objection, as well as the specific reasons, if any, for each objection, including the legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his, her or its objection. Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall be forever barred and foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, to the Plan of Allocation, and to the award of attorneys' fees and expenses to the Lead Plaintiffs and/or their Lead Counsel.

14. Lead Counsel or its designated agents (such as the Claims Administrator) shall rent one or more post-office boxes to be used for receiving requests for exclusion and any other communications. Additionally, Defendants' counsel and Lead Counsel, and any other counsel for the Class, shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession. Lead Plaintiffs and Defendants shall provide a means for those filing objections to obtain access, at their own expense, at counsels' office, to the discovery materials in this Action, provided that such individuals shall not be given access to these materials unless and until they enter into the Confidentiality Order agreed to by the parties to the Settlement governing the treatment of confidential information produced in the Litigation.

15. Neither the Individual Defendants nor their counsel shall have any responsibility for any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees or reimbursement of expenses shall be approved.

17. All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor their Lead Counsel shall have any obligation to repay to the Individual Defendants or their insurers the reasonable and actual costs of Class Notice and of administration.

Pacholder
02-71778

18.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class.

 IT IS SO ORDERED.


                          BY THE COURT:


                          s/Arthur J. Tarnow
                          Arthur J. Tarnow
                          United States District Judge

Dated:  May 10, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2005, by electronic and/or ordinary mail.

                          s/Catherine A. Pickles
                          Case Manager